# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-00029-PAB-MJW

PAK MAIL CENTERS OF AMERICA, INC., a Colorado corporation,

    Plaintiff,

v.

William Robinson, individually;

and

Gayle Abramson, individually;

    Defendants.

---

## PROTECTIVE ORDER (Docket No 30-1)

---

Upon consideration of the parties' Joint Motion for Entry of Stipulated Protective Order, and it appearing to the Court that sufficient cause exists under Fed.R.Civ.P. 26(c) for the issuance of a Protective Order, it is ORDERED as follows:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

02580220.1

2.  As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.  Documents, materials, and/or information designated "CONFIDENTIAL" (collectively, "CONFIDENTIAL information") shall be information that is confidential and implicates common law and statutory privacy interests of Plaintiffs or Defendants, and confidential and proprietary business information. CONFIDENTIAL information shall not be disclosed or used for any purpose except for the preparation and trial of this case.

4.  CONFIDENTIAL information shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

   a.  attorneys actively working on this case;

   b.  persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   c.  the parties;

   d.  expert witnesses and consultants retained in connection with this case, to the extent such disclosure is necessary for preparation for trial, at trial, or at other proceedings in this case;

   e.  the Court and its employees ("Court Personnel");

    f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    g. deponents, witnesses, or potential witnesses; and

    h. other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above in 4.C., 4.D., 4.G., or 4.H, counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment in the form attached hereto as Exhibit A, stating that such person has read and agrees to be bound by this Protective Order. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." The party designating documents as CONFIDENTIAL shall be referred to as the "Designating Party."

7. Prior to designating any information as CONFIDENTIAL under this Protective Order, counsel for the Designating Party shall review the information to be disclosed and designate the information it believes in good-faith is CONFIDENTIAL or otherwise entitled to protection.

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall

be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The party objecting the CONFIDENTIAL designation shall be referred to as the "Objecting Party." The written notice shall identify the information to which the objection is made (the "Disputed Information"). If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Designating Party to file an appropriate motion (the "Motion") requesting that the Court determine whether there is good cause to protect the Disputed Information. The Designating Party shall bear the burden of establishing that good cause exists for the disputed information under Fed.R.Civ.P 26(c). If such a motion is timely filed, the Disputed Information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the Motion. If the Designating Party fails to file such a Motion within the prescribed time, the Disputed Information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a Motion filed under this provision,

10. In the event that any party wishes to place any document or information designated as CONFIDENTIAL in the public Court records the party wishing to disclose

CONFIDENTIAL information (the "Disclosing Party") shall provide the Designating Party with reasonable notice in advance of such filing, however, the Disclosing Party shall not provide less than forty-eight (48) hours notice prior to placing the CONFIDENTIAL document or information in the public Court records. Any request to restrict public access to documents or information contained in the Court records shall comply with D.C.COLO.LCivR 7.2.

11. An inadvertent failure to designate documents and information as CONFIDENTIAL shall not constitute a waiver of a claim of confidentiality and shall be corrected by prompt supplemental written notice designating the documents and information as CONFIDENTIAL. Within a reasonable time after discovering the inadvertent failure to designate documents or information as CONFIDENTIAL, the Designating Party shall provide a written notice to all parties the received the documents or information that identifies with specificity the information or documents that the Designating Party inadvertently failed to designate as CONFIDENTIAL (the "Corrected Designation"). The Designating Party shall reproduce the documents and information with the appropriate CONFIDENTIAL stamp. Any disputes regarding the Corrected Designation shall be handled pursuant to Paragraph 9 above The Party receiving the Corrected Designation shall use its best efforts to immediately retrieve any inadvertently disclosed CONFIDENTIAL information from any persons to whom it gave CONFIDENTIAL information and who is not otherwise entitled to see the CONFIDENTIAL information.

13. At the conclusion of this case, unless other arrangements are agreed upon in writing, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction. All parties receiving CONFIDENTIAL information pursuant to this Protective Order, hereby consent to the jurisdiction of this Court regarding any disputes arising in any way from this Protective Order.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated: March 28, 2016.

BY THE COURT:

_____
UNITED STATES MAGISTRATE JUDGE
Michael J. Watanabe

02580220.1

# EXHIBIT A
## CERTIFICATION OF QUALIFIED INDIVIDUAL

STATE OF _____ )
                             ) ss.
COUNTY OF _____ )

I, _____, being first duly sworn, state that:

1. My address is:_____.

2. My present employer is:_____,

and the address of my employer is_____.

3. My present occupation or job description is _____.

4. I have received a copy of the Protective Order in this case (Civil Action No. 1:16-cv-00029-PAB-MJW), signed by the United States Magistrate Judge Michael J. Watanabe.

5. I have carefully read and understand the provisions of the Protective Order, will comply with all of its provisions, will hold in confidence and not disclose to anyone not qualified under the Protective Order any designated information or any words, substances, summaries, abstracts or indices of designated information disclosed to me, and will return all designated information and summaries, abstracts or indices thereof, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the Party by whom I am retained.

_____
NAME:

Subscribed and sworn to before me this ____ day of _____, 2016, by

_____, notary public.

Witness my hand and official seal.

_____

Notary Public

My commission expires:_____

7

02580220.1